IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

JEFFREY DYKES, on behalf of himself
And others similarly situated,

    Plaintiff,

Vs.

MISSOURI HIGHER EDUCATION
LOAN AUTHORITY,

    Defendant.

_____/

CASE NO.:

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, JEFFREY DYKES, on behalf of himself and others similarly situated, sues the Defendant, MISSOURI HIGHER EDUCATION LOAN AUTHORITY, and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant in failing to service his loans under federal law as described more particularly herein.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity as the suit is between citizens of different States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and where the Defendant resides and/or does business.

## PARTIES

1. Plaintiff Jeffrey Dykes is a natural person residing in Clearwater, FL with his wife and three (3) young children.

2. Defendant the Missouri Higher Education Loan Authority ("MOHELA") is a corporation with principal offices at 633 Spirit Dr., Chesterfield, MO 63005. MOHELA is a servicer for the Direct Loans held by the Department of Education.

## FACTUAL ALLEGATIONS

### A. Alternative Repayment Plans

3. The debt alleged by defendant to be plaintiff's debt is an alleged federal student loan debt incurred by plaintiff to pay for his education.

4. In 1986, to deal in part with the lingering effects of the recession that began earlier in the 1980s, the Federal Government established an orderly and mandatory procedure to facilitate repayment of federal student loans.

5. The relevant terms of this repayment program for borrowers like plaintiff who cannot afford any of the nine common repayment plans:

**(d) REPAYMENT PLANS**

...

**(4) ALTERNATIVE REPAYMENT PLANS**
The Secretary may provide, on a case by case basis, an alternative repayment plan to a borrower of a loan made under this part who demonstrates to the satisfaction of the Secretary that the terms and conditions of the repayment plans available under paragraph (1) are not adequate to accommodate the borrower's exceptional circumstances. In designing such alternative repayment plans, the Secretary shall ensure that such plans do not exceed the cost to the Federal Government, as determined on the

  basis of the present value of future payments by such borrowers, of loans made using the plans available under paragraph (1).

20 USC § 1087e(d)(4) and 34 CFR §685.208(l) ("Alternative Repayment Plan")

  6. The reasons for this program, particularly in times of economic instability are evident for both the borrower and the lender.

  7. Creditors and those person(s) servicing loans on its behalf are obligated to notify borrowers of their rights under the Federal Code governing student loan repayment programs, including affordable repayment plans, are not to make representations contrary to the mandatory terms of those programs.

  8. Without disclosure of these terms, federal student debtors would not know their rights under the program, and would likely default because of unaffordable plans forced upon them.

  **B. Plaintiff's Repayment attempts**

  9. Prior to the events described hereinafter, MOHELA placed plaintiff on Income Driven Repayment IDR 2011-2016 plan annual renewal.

  10. On or about 2017, MOHELA demanded of plaintiff that plaintiff begin making approximately $850.00 payments towards his approximately $80,000 federal student loan debt serviced by MOHELA based on an increase in his annual employment income.

  11. Due to prior cumulative financial obligations, plaintiff could only afford roughly $150.00 monthly payment which MOHELA rejected.

  12. On or about late 2017, plaintiff's wife was diagnosed with cancer the treatment for which increased plaintiff's household expenses by approximately $350.00.

13. Beginning on or before July 2018, plaintiff responded to a communication from MOHELA's delinquency department to gain assistance in repaying the student loans because of his inability to pay the prior repayment plan of $800-$900 per month.

14. In response to several of Plaintiff's phone inquiries to Defendant, MOHELA stated there is no Alternative repayment plan and that it never heard of such a plan.

15. Instead, MOHELA offered Plaintiff an Income Driven repayment (IDR) plan which involved $861.00 monthly payment unaffordable for plaintiff.

16. Defendant denied Plaintiff the less expensive alternative of a $350.00 monthly IBR plan.

17. Instead, MOHELA referred plaintiff to Defendant's webpage indicating all available repayment options.

18. The MOHELA webpage did not and does not contain an Alternative Repayment Plan option.

19. Upon information and belief, including but not limited to Plaintiff's monthly household income and expenses, Plaintiff qualified for an Alternative Repayment Plan of $150.00 monthly in 2018 and otherwise to the extent of his reduced financial capacity to pay persisting thereafter.

20. Plaintiff was damaged by Defendant's actions in failing to offer an Alternative Repayment Plan including to the extent of increased interest assessed during the forbearance period and an eventual default because forbearance time is limited and the payments are unaffordable.

## **CLASS ALLEGATIONS**

21. Plaintiff brings this action on behalf of himself and the following Class, pursuant to Rule 23(a) and (b)(2) and (3) of the Federal Rules of Civil Procedure:

All persons who have made excessive payments to MOHELA or failed to receive an alternative repayment plan despite qualifying for same in the last four (4) years.

22. The Class excludes the officers and directors, and current or former employees, as well as immediate family members thereof, of Defendant and their parents, subsidiaries, and affiliates.

23. Upon information and belief, the Class is so numerous that joinder of all members is impracticable.

24. There are questions of fact or law common to the Class. These questions include, but are not limited to:

    (a) Whether MOHELA is concealing and/or otherwise depriving qualifying borrowers like plaintiff of the Alternative Repayment Plan; and

    (b) The extent that Class members have been damaged thereby or are entitled to injunctive relief.

25. Plaintiff's claims are typical of the Class and Plaintiff is not subject to any unique defenses that will become the focus of the litigation.

26. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff has retained competent counsel experienced in class action litigation of this type. Plaintiff's counsel will fairly and adequately protect the interests of the Class.

27. Certification is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

28. Certification is also appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual lawsuits are economically infeasible and procedurally impracticable.

30. Plaintiff knows of no difficulty to be encountered in the management of this case that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENCE PER SE
### CLASS CLAIM

31. Plaintiff re-alleges and incorporates the foregoing Paragraphs as if full set forth herein.

32. Defendant had a statutory duty under 20 USC § 1087e(d)(4) and 34 CFR §685.208(l) to deliver an "Alternative Repayment Plan" loss mitigation remedy to defaulted federal student loan borrowers like plaintiff and the class members.

33. By denying the existence or availability of said statutory remedy to Plaintiff and the class members, Defendant breached its duties and acted in a negligent manner in violation of 20 USC §1087e(d)(4) and 34 CFR §685.208(l) misrepresenting thereby the statutory relief available to Plaintiff and the class for their defaulted federal student loan.

34. As a result of the Defendant's breach of its duty owed to the Plaintiff and the class members, the Plaintiff and the class members have been damaged.

35. Plaintiff suffered damages as a proximate result of Defendant's acts and omissions as alleged above.

## COUNT II - NEGLIGENT MISREPRESENTATION
## CLASS CLAIM

36. Plaintiff re-alleges and incorporates the foregoing Paragraphs as if full set forth herein.

37. The conduct of the Defendant, as alleged herein in addition to and in the alternative, constituted separate negligent misrepresentation by falsely representing the options for loan borrowers and failing to disclose alternative repayment plans because of the failure to exercise reasonable care or competence in obtaining or communicating information, required by statute and otherwise, concerning affordable rehabilitation of a defaulted federal student loan given the Plaintiff and class members' financial status at the time they sought to rehabilitate his loan.

38. Defendant intended that the Plaintiff and the class members would rely upon its misrepresentations and omissions of material fact and either pay an excessive monthly sum or remain in default.

39. Defendant knew its representations were false and omissions were material and that the Plaintiff and the class members would suffer damages in the form of continued default on their federal student loans.

40. Plaintiff and the class members justifiably acted in reliance on the misrepresentations and omissions of the Defendant that there were not any alternative to paying a monthly sum they could not afford and therefore leaving their loans in default status.

41. As a direct and proximate result of these negligent misrepresentations, the Plaintiff and the class members suffered damages as alleged herein.

### COUNT III - EQUITABLE ESTOPPEL OF LOAN MODIFICATION DENIAL CLASS CLAIM

42. Plaintiff re-alleges and incorporates the foregoing Paragraphs as if full set forth herein.

43. Defendant represented to Plaintiff in July 2018 that no Alternative Repayment Plan was available to him under statutory law governing rehabilitation of defaulted federal student loans such as plaintiff's loan.

44. Upon information and belief, the Defendant made the same representations to the class members.

45. Plaintiff and the class members justifiably and reasonably acted in reliance on the misrepresentations and omissions of the Defendant that there was no alternative to paying a monthly sum they could not afford and therefore leaving their loans in default status.

46. Despite the reasonable reliance by Plaintiff and the class members, Defendant had actually ignored or concealed its statutory duty under 20 USC § 1087e(d)(4) and 34 CFR §685.208(l) to deliver an "Alternative Repayment Plan" loss mitigation remedy to defaulted federal student loan borrowers like plaintiff and the class members.

47. As a result of Defendant's actions, Plaintiff and the class members were denied an affordable Alternative Repayment Plan and are entitled to equitable relief under the doctrine of equitable estoppel and they ask this Court to enforce the statutory remedy described herein by directing the Defendant to offer affordable Alternative Repayment Plans to rehabilitate Plaintiff and class members' defaulted federal student loan and such other relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter judgment in their favor as follows:

A. Certify this matter as a class action, appoint Plaintiff's attorney as class counsel, and issue notice to the Class;

B. Enter judgment in favor of Plaintiff and the Class against Defendant;

C. Award to Plaintiff and Class members such damages they may be entitled to under law;

D. Award appropriate pre-and post-judgment interest;

E. Grant an award of reasonable attorneys' fees and other litigation costs reasonably incurred, including expert witness fees;

F. Grant appropriate declaratory and injunctive relief;

G. Grant a trial by jury on all issues so triable; and

H. Award any and all other relief to which Plaintiff and the Class may be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

        Respectfully submitted,

        */s/Scott C. Borison*
        Borison Firm LLC
        Bar No. 443982DC
        1400 S. Charles St.
        Baltimore MD 21230
        301-620-1016
        Fax 301-620-1018
        scott@borisonfirm.com

        */s/Robert P. Cocco*
        Robert P. Cocco, Esq.
        Bar ID No. 61907 (PA)
        Law Offices of Robert P. Cocco, P.C.
        1500 Walnut Street, Suite 900

Philadelphia, Pennsylvania 19102
(215) 351-0200 telephone
(215) 827-5403 facsimile

Counsel for Plaintiff